Good morning, your honors, and may it please the court. My name is Emil Cancray, and I represent the plaintiff's appellant, Mr. William Stafford. With the court's permission, I'd like to reserve two minutes for rebuttal. This court should reverse the district court for the following reasons. The district court erred when it applied the Eighth Amendment standard in place of the objective Fourteenth Amendment standard for civil detainees. The defendants are not entitled to qualified immunity because the district court's order in Plata v. Brown clearly established law that required the removal of African Americans from the adjacent facility. The Plata order and other authorities demonstrate that by failing to enact policies that reduce Mr. Stafford's heightened exposure to Valley Fever, the defendants are liable for violating the Fourteenth Amendment rights of a civil detainee. As a result, the dismissal of Mr. Stafford's claims was premature. The district court erred when it dismissed Mr. Stafford's complaint for failure to state a claim for an action alleging that the defendants were responsible for exposing the plaintiff to a potentially deadly disease. The district court misapplied the procedural standard for dismissal and erroneously applied a higher substance of bar than was required for civil detainees. As such... Excuse me. You referred to the Plata order, but the conditions in the prison were not the same as the conditions at the Coalinga State Hospital, correct? That is correct, Your Honor. However, the facilities themselves are adjacent. Mr. Stafford became ill in late 2014 when the Plata order had been in place for over a year at the next door facility. They share a common perimeter. CSA perimeter guards are CDCR employees. And as such, we believe that the Plata order established law that could have, under the objective standard that should have applied under Kingsley, been applied to CSH. And objective, reasonable officials at CSH should have taken the necessary steps to ensure the safety of their African American patients. But the conditions for Valley Fever were quite a bit different. And the ventilating systems were different. And the circumstances under which the prisoners or the civil detainees were exposed to these scores were different. So there were a lot of differences. I think you would acknowledge that, correct? Yes, Your Honor. Between CSH and Pleasant Valley, I do agree that there are differences. At the same time, the coxy rate at CSH was 66 times that of the surrounding town. Additionally, when the order itself went into place, there was no reason as to why CSH was not included in the order other than they were not a party to the case. And as such, the court didn't have jurisdiction to make the order apply to them. And in addition, the kind of the characterization of CDCR policies versus CSH policies was not an endorsement of CSH policies themselves, but was instead framed that way as a way to criticize the incredibly irresponsible and irresponsive policies at the neighboring facility. So by failing to enact policies that reduce Mr. Stafford's heightened exposure to Valley Fever, the defendants are still liable for violating the 14th Amendment rights of Mr. Stafford under the objective standard in Kingsley. The defendants are not entitled to qualified immunity as a shield from liability, and they're not because of that plot to order amongst other legal authorities. The clearly established right was the right to be protected from heightened exposure to Valley Fever. And while it only technically applied to the neighboring facility and an additional prison within the endemic area, Ziegler v. Abbasi establishes that there does not need to be a reported case on point, but that unlawfulness of the officer's conduct must be apparent. A right is clearly established when the contours of that right are sufficiently clear that a reasonable official would understand for what he is doing is in violation of that right. Additionally, this court held in the unpublished Samuels v. Allen, the dismissal of a plaintiff's safe conditions claims at the pleading stage was premature in a case involving another patient who had gotten sick from Valley Fever at CSH. What would you have us do with the Hines decision? I mean, I understand that the category of your client is different than the category of plaintiffs in that case, but what would you have us do with that decision? Yes, Your Honor. I think our case is distinct from Hines for several reasons, and Hines is simply not controlling precedent for our case. We argue that our case has no ramifications on Hines because of the important differences. The plaintiffs in Hines contracted Valley Fever prior to a receiver's order in the affected area. The central premise of the Hines ruling is that societal expectations about Valley Fever hadn't progressed to the point of requiring official action, even though they had an epidemic on their hands. Respectfully, that is not the contention in this case. Societal expectations were that CSH follow the orders of a federal judge, regardless of what those expectations were before the Plata order. Once the order was entered, it was no longer a societal expectation, but a judicial one that CSH take required steps. Finally, we contend that Hines was incorrect to conclude that reasonable officials could have reasonably relied upon orders issued by the Plata order, asserting that the receiver, quote, never had authority over CDCR or Valley Fever until maybe mid 2013. Another important factual difference here is that, as Hines observes, the receiver was appointed in and was actively involved in managing the prison's response to Valley Fever. So we argue that this case would not have any bearing on Hines and that Hines would not be controlling precedent. And I want to make sure I'm linking up the string of arguments that you're making. So the argument is that the Plata order controls, even though this particular facility, the hospital, wasn't identified in that order, because by, I don't know, extension of the reasoning or the concerns at issue, all reasonable officials should know that the Plata order should apply to the hospital and just didn't because they weren't parties. Is that sort of, am I characterizing your argument? Yes, Your Honor, that is accurate. And under the objective standard established in Kingsley, the reasonable officers at CSH should have known to take mitigation steps up to and including the evacuation of African-American patients like Mr. Stafford. Additionally, the district court erroneously applied the pre-Kingsley standard of deliberate indifference under the Eighth Amendment. This error was not harmless as our client was expected to demonstrate the actual knowledge component of deliberate indifference at the pleading stage. But counsel, does that matter if qualified immunity, if we determined that the officials were entitled to qualified immunity, would that matter then that the wrong standard was applied? Your Honor, we simply argue that a later finding on qualified immunity aside, the fact that both procedurally and substantively errors were committed that significantly negatively impacted our client's ability to have his claims heard should be what matters the most at this stage. But if there's qualified immunity, even under the correct standard, how was he harmed? Yes, Your Honor. Well, we simply argued that there was not qualified immunity because of the clearly established law in PLATA and then the subsequent violation of that order by the CSH officials under the objective standard. I have one final question. Are you still stating a claim against the Fresno Board of Supervisors? Yes, Your Honor, we are.  Yes, Your Honor. So we argued that the district court erred in dismissing Mr. Stafford's claims against the Fresno County Board of Supervisors in his first amended and second amended complaints and namely citing Keats v. Coyle in the unpublished Samuels v. Allen decision. The court ruled that whether the county had any authority to prevent the state of California from building CSH requires a more developed factual record and thus should be addressed at the later stage in the pleading and that the 11th Amendment does not bar suit against county employees in their official capacity citing Samuels v. Allen. That's an unpublished decision? Yes. We know that has no precedent with us. Yes, Your Honor. But also, Samuels v. Allen, while unpublished, relied on Keats v. Coyle from Ninth Circuit in 2018. All right. Thank you. Did you want to save some time for rebuttal? Yes, Your Honor. Thank you. Thank you. We'll hear from the state. Good morning, Your Honors. And may it please the court, Kevin Vogt, Deputy Attorney General for Defendant Appellee Pam Allen. Your Honors, there are two main reasons why this court should affirm the district court's judgment. First, qualified immunity bars Mr. Stafford's damages claims because he has not met his burden of demonstrating that he has a clearly established right to be free from heightened exposure to valley fever at a psychiatric hospital. There is no binding precedent on point. And this is not the rare case of overwhelming obviousness of illegality, given that, one, Mr. Stafford was required to be placed at the hospital by state law. Two, the conditions at the hospital were different than at the nearby prison where there was a valley fever outbreak. And three, where the hospital is located in a region where millions of people freely live and accept the risk of heightened exposure to valley fever. Well, the difference, counsel, is they don't the prisoners don't freely live there. That's the whole point is and the detainees don't freely live there. They're required to be there. So they don't have the option to move. So isn't that somewhat different? That that is a difference, but it's not one that would change the qualified immunity analysis as far as the clearly established prong of of the immunity. Because what we're looking at is, first, is there any actual precedent on point regarding the exposure levels to valley fever? And secondly, whether it would be reasonable for officials to believe that housing Mr. Stafford at a psychiatric hospital in the endemic region was lawful under the circumstances, given the circumstances and given the case law at the time. And there are several reasons for why it would be reasonable. And Mr. Stafford concedes that there is no binding authority that is on point with respect to valley fever. And so the only the only way that Mr. Stafford can overcome qualified immunity is by demonstrating that every reasonable official would know that it was obviously illegal to house Mr. Stafford at the psychiatric hospital. And they rely principally on the 2013 plot order to demonstrate this. But for some of the reasons that Judge Lynn mentioned earlier, the conditions at Pleasant Valley were simply different. And we can see that from the face of the 2013 plot order itself. There are several reasons why the plot order would not have put officials on notice that merely housing detainees, including those who are at higher risk, African-Americans and others at a psychiatric hospital, that the order would not have put them on notice such that every reasonable official would know that doing so was unconstitutional as a matter of substantive due process. Now, first, the order itself is clearly directed to the particular circumstances that in conditions that existed at Pleasant Valley State Hospital, excuse me, Pleasant Valley State Prison and Avenal State Prison. So only these two institutions and the order itself drew distinctions between the conditions at Pleasant Valley and the conditions at Coalinga State Hospital. And as Judge Lynn, you mentioned before, the order noted that there was a substantially lower risk of valley fever infection rate at the hospital than there was at the prison. This was due to different factors. One of the things that the court mentioned was the ventilation system. They have a different air conditioning system there. But in addition, the court laid out very specific findings regarding the conditions that existed at the prison. This was based on the receiver's policy, which was a race based exclusion policy for Pleasant Valley and Avenal was based on a statistical analysis of the inmates living at those two institutions. And the policy itself was a response to the fact that valley fever rates, infection rates at those two institutions have been uncontrolled for eight years and they have not been able to decrease those rates. And so one of the things that the court noted, in fact, is that the prisons should have investigated why CSH had such lower rates of infection. And it noted that they looked at the air conditioning system, but decided that it was too expensive to implement a similar type of system at the prison. So the plot order itself distinguishes between the conditions that were at the prison and the conditions that existed at the hospital. And so that order could not have put hospital officials on notice that they needed to take the exact same steps that were being implemented at a prison facility at the hospital. It also needs to be looked at in the context of the existing law that existed at the time concerning valley fever. The 2013 plot order itself could not have clearly established law for civil detainees as a district court decision. But in addition, the only cases that were on point that existed at the time in 2014 when Mr. Stafford contracted valley fever, the only district court cases that were on point with respect to civil detainees and valley fever, both concluded in Sullivan versus Kramer and in Samuels versus Olin that civil detainees could not state a cognizable claim based on exposure to the heightened risk of exposure to valley fever. And so looking at those things together, reasonable officials could believe that housing Mr. Stafford at the hospital facility was lawful. Now, in addition, Counsel? Yes, Your Honor. Do you disagree with opposing counsel's characterization of the district court standard as being improperly applied to a civil detainee? Do you disagree with that? I disagree with that in part. The district court did improperly rule with respect to the subjective intent aspect of it. It made a determination that subjectively Mr. Stafford hadn't alleged subjective intent. Isn't that the wrong standard? That's correct. But the court went on to say that the allegations themselves also failed to adequately allege a claim because it was well established at the time that merely alleging a heightened risk to valley fever being placed in the valley fever endemic region was insufficient to state a claim. And as this court has acknowledged for 14th Amendment due process claims, the courts may look to the 8th Amendment as a guide. Although the court did erroneously apply the subjective intent standard of the 8th Amendment, it was overall saying that Mr. Stafford failed to state a claim because he has failed to allege sufficient facts to take his case out of what had already been established as the types of allegations that could not state a claim based on exposure to valley fever. And as I mentioned at that time in 2014, there were only two cases that were on point from district courts involving civil detainees. And both of those cases had concluded that valley fever exposure was not by itself sufficient to state a cognizable claim. So that part of the district court's conclusion was correct, despite the fact that the court applied erroneously on an alternative basis, the subjective intent standard. But in either case, qualified immunity would resolve this case and is dispositive of Mr. Stafford's claim. And so it's not necessary ultimately for the court to determine whether or not Mr. Stafford's allegations adequately state a constitutional violation. Because there is no clearly established right, and that issue is dispositive of the damages claim, the constitutional question is unnecessary to the disposition. And this court should avoid reaching the issue to make far-reaching constitutional ruling when it's not necessary to do so. Now, if the court chooses to address the merits of Mr. Stafford's claim, it should still affirm the judgment because his allegations failed to plausibly allege a cognizable claim. And the principal reason is that first, his allegations did not sufficiently allege the personal participation of the supervisory level defendants. And this is really, this case is really the mirror image of Heidrich versus Hunter, where this court reversed, excuse me, concluded that the allegations, very similar types of allegations regarding policymakers failed to state a claim under the ICQOL standard. And the allegations are very similar, that policymakers implemented policies that were very general. But for example, forcible medication, the allegations were fairly specific, but failed to link adequately to the individual defendants. And so you're rapidly running out of time. Could you briefly address the claim against the Fresno Board of Supervisors? Your Honor, I do not represent the Fresno Board of Supervisors. And we only, I only represent the state defendants from the former director, Pam Olin, for the Department of State Hospitals. And we did not brief the issue regarding the county, the Board of Supervisors. All right. Thank you. Thank you. Any questions? All right. Thank you, counsel. Rebuttal. Thank you, Your Honor. I'd like to first address a couple of arguments made by the defense. First of all, with respect to Central Valley residents and Valley Fever, as Judge Rollinson pointed out, there is the freedom of motion issue, as well as from the plot to order. Additionally, the defense implies that the statute that keeps Mr. Stafford civilly detained at CSH only allows him to be at CSH when that is categorically false. DSH patent in the San Bernardino Valley also accepts patients who are civilly detained under the same statute that Mr. Stafford is. But more importantly, I'd like to discuss that a pro se prisoner complaint can only be dismissed or failure to state a claim if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Iqbal did not alter the rule that where the petitioner is pro se, particularly in civil rights cases, court should construe the pleadings liberally and afford the petitioner the benefit of any doubt coming from heavy versus pillar. So that being said, Mr. Stafford should be entitled to develop a record, a factual record of what took place at CSH. And for the foregoing reasons, the dismissal of Mr. Stafford's complaint was premature, and this court should reverse and remand the case to the district court. Thank you very much. Was the Fresno County Board of Supervisors served with the complaint? Your Honor, I do not believe they were served. All right. Thank you. Thank you. Any questions? All right. Thank you to both counsel for your arguments. The case just argued is submitted for decision by the court. The next case on calendar for argument.
judges: Rawlinson, Linn, Hunsaker